UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| JONATHAN MERCEDES, ) | |
| ) | |
| Plaintiff, ) | **SECOND AMENDED** |
| ) | **COMPLAINT** |
| -against- ) | |
| ) | **JURY TRIAL DEMANDED** |
| THE CITY OF NEW YORK; POLICE OFFICER ) | |
| RICHARD EVANS, Shield No. 25177; POLICE ) | 17 Civ. 7368 (AKH) |
| OFFICER ANTHONY AMIRALLY; POLICE ) | |
| OFFICER KEVIN TREACY; POLICE OFFICER ) | |
| CHRISTOPHER BOLAND; EMERGENCY ) | |
| MEDICAL TECHNICIAN ("EMT") JUAN C. ) | |
| SANTIAGO PAULINO; EMT TIMOTHY ) | |
| CARABALLOSO; JOHN DOES; and RICHARD ) | |
| ROES, ) | |
| ) | |
| Defendants. ) | |

-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff JONATHAN MERCEDES seeks

relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages,

both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys'

fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its

Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred

upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an

action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed Notices of Claim with the Comptroller of the City of New York on September 26, 2016.  More than 30 days have elapsed since service of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York, New York County.  Plaintiff is Latino.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department and a fire department, which act as its agent in the area of law enforcement and the rendering of emergency medical care, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and a fire department and the employment of police officers and emergency medical

technicians ("EMTs") as said risk attaches to the public consumers of the services provided by the New York City Police Department and New York City Fire Department.

9.      Defendants POLICE OFFICER RICHARD EVANS, POLICE OFFICER ANTHONY AMIRALLY, POLICE OFFICER KEVIN TREACY, POLICE OFFICER CHRISTOPHER BOLAND, EMERGENCY MEDICAL TECHNICIAN ("EMT") JUAN C. SANTIAGO PAULINO, EMT TIMOTHY CARABALLOSO, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD) and/or the New York City Fire Department, municipal agencies of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department and/or the New York City Fire Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER RICHARD EVANS, POLICE OFFICER ANTHONY AMIRALLY, POLICE OFFICER KEVIN TREACY, POLICE OFFICER CHRISTOPHER BOLAND, EMERGENCY MEDICAL TECHNICIAN ("EMT") JUAN C. SANTIAGO PAULINO, EMT TIMOTHY CARABALLOSO, and JOHN DOES are sued individually.

10.     Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department and/or the New York City Fire Department, responsible for the training, retention, supervision, discipline and control of subordinate members of

3

the police department under their command.  Defendants are and were at all times relevant herein

acting under color of state law in the course and scope of their duties and functions as supervisory

officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK and the New York City Police Department and/or the New York City Fire Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     At approximately midnight on the night of June 29 - June 30, 2016, Plaintiff walked

out of the vestibule of his building at 3280 Rochambeau Ave., Bronx, NY.

12.     Plaintiff's mother - concerned because she believed that Plaintiff was acting

irrationally and was experiencing a mental health problem requiring professional assistance - had

called 911, and four male JOHN DOES police officers, on information and belief Defendant

EVANS, AMIRALLY, TREACY, and BOLAND, arrived at or around the time that Plaintiff was

exiting his building's vestibule.

13.     Two or three of these JOHN DOES recognized Plaintiff from an earlier

interaction(s), and said, in sum and substance, "you again?"

14.     Plaintiff, on information and belief, had interactions with some of these JOHN

DOES on either one or two prior occasions: once at his home earlier in that summer, when

Plaintiff's mother had also called for assistance and the police spoke with Plaintiff and left without

incident; and another time earlier that day elsewhere in the neighborhood, when Plaintiff posed to

the police a general question concerning, in sum and substance, to whom one can address one's

desire to create a law (in response to which query the police officers just laughed and did not

4

otherwise respond).

15.     After the JOHN DOES said, in sum and substance, "you again?" to Plaintiff, they blocked Plaintiff's way and seemed to be trying to prevent him from leaving.

16.     Plaintiff tried, peacefully, to walk through the officers, by placing his hands on two JOHN DOES' officers arms and trying to gently separate them enough so that he could pass through them.

17.     The JOHN DOES then immediately rear-handcuffed Plaintiff.

18.     After the JOHN DOES rear-handcuffed Plaintiff, Defendant EVANS violently - and for no legitimate purpose - threw Plaintiff to the ground, and stepped / jumped on and then off, Plaintiff's stomach.

19.     Plaintiff said, in sum and substance, "stop" and "get off of me" and perhaps cursed at Defendant EVANS as well in response to his violence.

20.     Plaintiff's mother, who was present and frightened for her son's safety, was screaming for help for Plaintiff.

21.     Two JOHN DOES police officers, on information and belief two of Defendants EVANS, AMIRALLY, TREACY, and BOLAND, put Plaintiff into an ambulance that had also arrived at the scene.

22.     EMTs SANTIAGO PAULINO and CARABALLOSO also had arrived on the scene.

23.     These two JOHN DOES police officers stayed with Plaintiff in the ambulance while it took Plaintiff to North Central Bronx Hospital.

24.     One of these JOHN DOES police officers was Defendant AMIRALLY.

25.     The handcuffs that had been placed on Plaintiff when he was arrested were applied

5

with an excessive and punitive tightness.

26.     Plaintiff complained repeatedly about the tightness of the handcuffs, but none of Defendants EVANS, AMIRALLY, TREACY, BOLAND, SANTIAGO PAULINO, or CARABALLOSO did anything to address his complaints and alleviate his pain at any point, either at the scene or in the ambulance.

27.     None of Defendants EVANS, AMIRALLY, TREACY, BOLAND, SANTIAGO PAULINO, or CARABALLOSO removed (or adjusted) the excessively tight handcuffs from Plaintiff until he was at the hospital.

28.     When the handcuffs were removed, Plaintiff had marks / lacerations on his wrists from where the excessively tight handcuffs had dug into his wrists.

29.     Plaintiff received tests on his wrists while at the hospital due to the pain he was experiencing in his wrists and hands, and due to the hospital staff's concern that he had experienced nerve damage from the excessively tight handcuffs.

30.     Plaintiff received further, follow-up care at North Central Bronx Hospital in or around September and / or October of 2016 for the injuries he had suffered to his wrists, and was informed that he had suffered nerve damage from the excessively tight handcuffs.

31.     The impression from a "Motor w/F wave – 1" test conducted on October 4, 2016 at North Central Bronx Hospital indicates that Plaintiff was suffering from "paresthesias of bilateral hand dorsum (radial nerve territory) and positive Tinel sign when tapping the radial nerve at the wrist."  The impression also states that "[t]he study of the upper extremities confirmed the presence of bilateral radial sensory nerve entrapment at the wrist consistent with Cheralgia Paresthetica. The entrapment was moderately severe and axonal in pathology."

32.     Plaintiff continued to suffer from sequellae from the excessively tight handcuffs,

6

including experiencing a tingling sensation around his thumbs / wrists areas when it is either cold outside or when he washes his hands with hot water, for some time after the incident, and still experiences that tingling sensation around his left thumb / wrist area when it is either cold outside or when he washes his left hand with hot water.

33.    Plaintiff was not charged with any crime based on his interactions with the police, or anything else that he either did or did not do, on the night of June 29 - June 30, 2016.

34.    Defendant EVANS is a problem officer, and was indicted on charges that he drove his NYPD police cruiser drunk while on duty (the allegations, on information and belief, do not related to the night of the incident at issue herein).  Those charges against Defendant EVANS were resolved by a plea to a lesser charge in Bronx Supreme Court – Criminal Term.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36.    By their conduct and actions in stopping plaintiff, seizing plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, endangering plaintiff's health and welfare, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants EVANS, AMIRALLY, TREACY, BOLAND, SANTIAGO PAULINO, CARABALLOSO, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification,

7

intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

37.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

40.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

41.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

42.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and fire department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and fire department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

9

and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or observing or documenting their activities. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force through the use of excessively and punitively tight handcuffs, and / or of failing to properly train members of the NYPD in the safe and proper use of handcuffs. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

47.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and fire department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train members of the NYPD and FDNY concerning the legal standards applicable to involuntary seizures of those suspected of being emotionally disturbed persons ("EDPs"), including what constitutes legal justification for making such an involuntary seizure, and who is responsible for making that decision. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon

people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

50.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

52.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

53.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

54.     By the actions described above, defendants caused plaintiff to be falsely arrested and

imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT AND BATTERY

56.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

57.    By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

58.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## NEGLIGENCE

59.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

12

60. The defendants, jointly and severally, negligently caused injuries and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

62. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

63. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## CONSTITUTIONAL TORT

65. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

66.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

67.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

68.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  The convening and empaneling of a jury to consider the merits of the claims herein;

    d.  Costs and interest and attorney's fees;

    e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:          New York, New York
                May 1, 2019

                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff