UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JONATHAN MERCEDES,

                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK; POLICE OFFICER RICHARD
EVANS, Shield No. 25177; POLICE OFFICER ANTHONY
AMIRALLY; POLICE OFFICER KEVIN TREACY;
POLICE OFFICER CHRISTOPHER BOLAND;
EMERGENCY MEDICAL TECHNICIAN ("EMT") JUAN
C. SANTIAGO PAULINO; EMT TIMOTHY
CARABALLOSO; JOHN DOES; and RICHARD ROES,

                                  Defendants.

------------------------------------------------------------------------- x

**STIPULATION OF
SETTLEMENT**

17 Civ. 7368 (AKH)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about September 28, 2017, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York, Officer Richard Evans, Officer Anthony Amirally, Officer Kevin Treacy, Officer Christopher Boland, Emergency Medical Technician Juan Santiago Paulino, and Emergency Medical Technician Timothy Caraballoso have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings, except as set forth below, and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.      Except as set forth below in paragraphs "2" and "3," the above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraphs "2" and "3" below.

2.      Defendant City of New York hereby agrees to pay plaintiff Jonathan Mercedes the sum of Five Thousand ($5,000.00) Dollars, plus the sum of Twenty Thousand ($20,000) Dollars as attorneys' fees in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees.   Plaintiff hereby directs that the sum of Twenty Thousand ($20,000) Dollars for costs, expenses, and attorneys' fees be paid directly to his counsel Jeffrey Rothman, Esq.

3.      In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants City of New York, Officer Richard Evans, Officer Anthony Amirally, Officer Kevin Treacy, Officer Christopher Boland, Emergency Medical Technician Juan Santiago Paulino and Emergency Medical Technician Timothy Caraballoso; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, except that plaintiff reserves his right to, and may, appeal the Court's Order on summary judgment, dated October 4, 2019, solely to the extent it granted defendants' summary judgment motion and denied plaintiff's summary judgment motion as to the following claims: (1) federal

claims for unlawful seizure of his person; (2) federal claims for excessive force (unrelated to the tight handcuffing); (3) federal claims for failure to intervene; (4) New York State law claims for false arrest and false imprisonment; (5) New York State law claims for assault and battery (unrelated to the tight handcuffing), and (6) New York State law *respondeat superior* liability as to the City of New York for false arrest and imprisonment and assault and battery (unrelated to the tight handcuffing). In the event that plaintiff prevails on his appeal as to any of his federal claims, the parties agree that he reserves his right to, and may, seek payment for hours spent on summary judgment motion practice billed from July 14, 2019 through October 4, 2019, and defendants reserve their right to oppose any post-appeal fee application plaintiff may make.

4.      Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraphs "2" and "3" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

5.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or

regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

6.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7.     Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8.      This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
        July 19      , 2022

JEFFREY ROTHMAN
*Attorney for Plaintiff*
305 Broadway, Suite 100
New York, NY 10007

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
      City of New York
*Attorney for Defendants City of New York,*
   *Evans, Amirally, Treacy, Boland,*
   *Santiago Paulino, and Caraballoso*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____ 7/8/22  By: _____
    Jeffrey Rothman                   Christopher G. Arko
    *Attorney for Plaintiff*          *Senior Counsel*

5